UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAIKEN AGUILA,

    Petitioner,

vs.                                  Case No. 2:11-cv-643-FtM-29SPC
                                        Case No. 2:06-cr-66-FTM-29SPC

UNITED STATES OF AMERICA,

    Respondent.
_____

## OPINION AND ORDER

This matter comes before the Court on petitioner's Motion to Vacate Judgment and Sentence Pursuant to 28 USC §2255 or in the alternative Writ of Error Coram Nobis and/or Audita Quarela Pursuant to 28 USC §1651 (Doc. #1) filed on November 7, 2011. Petitioner, through counsel, argues that his judgment and conviction should be vacated pursuant to Padilla v. Kentucky, 130 S. Ct. 1473 (2010).

On December 6, 2006, the Court accepted petitioner's plea of guilty and adjudicated Maiken Aguila guilty of Count One of the Superceding Information. (Doc. #107.) On March 15, 2007, the Court entered Judgment (Doc. #122) sentencing petitioner to time served and a term of 3 years of supervised release, subject to deportation. On April 1, 2009, the Court granted petitioner's request for an early termination of his supervised release, and his term ended as of April 7, 2009. Petitioner did not file a direct

appeal and did not file a previous habeas petition. Thus, petitioner was sentenced, served his sentence, is not pending appeal, and is no longer in custody or under supervised release pursuant to the sentence and conviction.

In his current motion, defendant argues he received ineffective assistance of counsel because his attorney failed to advised him of the immigration consequences of his guilty plea, as required in <u>Padilla</u>, decided March 31, 2010. Defendant is not entitled to a writ of audit querela because his claim of ineffective assistance of counsel was cognizable under 28 U.S.C. § 2255. <u>United States v. Holt</u>, 417 F.3d 1172, 1173 (11th Cir. 2005). Defendant is no longer entitled to relief under 28 U.S.C. § 2255 because he is not "in custody under sentence of a court established by Act of Congress," as required by § 2255(a), and in any event such a motion would be untimely under § 2255(f)(3) because it was filed more than one year after <u>Padilla</u> was decided. Defendant may be entitled to relief under coram nobis, <u>United States v. Brown</u>, 117 F.3d 471, 475 & n.4 (11th Cir. 1997)(collecting cases), but procedurally, the request for the writ is filed as a motion in the criminal case, not as a separate civil action. <u>United States v. Morgan</u>, 346 U.S. 502, 505 n.4 (1954).

Accordingly, it is now

**ORDERED:**

1. Petitioner's Motion to Vacate Judgment and Sentence Pursuant to 28 USC 2255 (Doc. #1) is **DISMISSED** without prejudice. The Clerk shall enter judgment accordingly, file a copy in the criminal case, and close the civil file.

2. Petitioner's alternative motion for a Writ of Audita Quarela Pursuant to 28 USC §1651 (Doc. #1) is **DENIED**.

3. A copy of the Motion has been filed in the corresponding criminal case, Case No. 2:06-cr-66-29SPC, and will be considered as a Motion for Writ of Error Coram Nobis (Doc. #127) in that case only.

4. The government shall file a response to the Motion for Writ of Error Coram Nobis within **SIXTY (60) DAYS** of the date of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this   16th   day of November, 2011.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record